# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| RINKU M. DUTT, | Bankruptcy No. 09-29477 – CMB |
| Debtor. | Chapter 7 |
| | |
| LYON FINANCIAL SERVICES, INC. d/b/a US BANCORP MANIFEST FUNDING SERVICES, | Adversary No. 10-2189 – CMB |
| | Doc. No. 73 |
| Plaintiff-Movant, | |
| v. | |
| RINKU M. DUTT, | |
| Defendant-Respondent. | |

## MEMORANDUM OPINION

The matter before the Court is Plaintiff Lyon Financial Services, Inc.'s Motion for Summary Judgment in the above-captioned adversary proceeding. Plaintiff commenced this proceeding by filing a Complaint asserting nondischargeability of a debt pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6).[1] The instant motion is made pursuant to §523(a)(2)(A) and (a)(6) only. Plaintiff contends that the Debtor was involved in a fraudulent sham transaction

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(I), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

1

which resulted in Plaintiff making an unsecured cash loan as opposed to a lease secured by equipment. Thus, according to the Plaintiff, the debt is nondischargeable.

The standard for deciding a motion for summary judgment is set forth in Fed.R.Civ.P. 56, made applicable in adversary proceedings pursuant to Fed.R.Bankr.P. 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The burden is initially on the moving party. *See Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir. 1993). A party moving for summary judgment can satisfy its burden by citing to materials in the record, including depositions, documents, affidavits, stipulations, admissions, and interrogatory answers. See Fed.R.Civ.P. 56(c). In deciding the motion for summary judgment, all inferences to be drawn from underlying facts shall be construed by the Court in the light most favorable to the non-moving party. *Bezner*, 996 F.2d at 1530. With this standard in mind, the Court evaluated the Motion for Summary Judgment.

The Court notes that the statutory exceptions to discharge set forth in §523 must be viewed in light of the underlying policy of the Bankruptcy Code, i.e. the goal of providing a fresh start, and "are generally construed 'narrowly against the creditor and in favor of the debtor.'" *Boston Univ. v. Mehta* (*In re Mehta*), 310 F.3d 308, 311 (3d Cir. 2002) (quoting *In re Pelkowski*, 990 F.2d 737, 744 (3d Cir. 1993)). The party opposing discharge has the burden of proving nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

Section 523(a)(2)(A) provides, in pertinent part, that a debt will not be discharged if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – false pretenses, a false representation, or actual fraud . . . ." Thus, as a threshold

2

matter, the debt at issue must have resulted from a debtor's fraudulent conduct. *See Jones v. Dressler* (*In re Dressler*), 431 B.R. 127, 131 (Bankr.W.D.Pa.2010). Regardless of whether a plaintiff alleges false pretenses, false representation or actual fraud, a plaintiff must prove that the debtor possessed intent to defraud. *Id.* at 130-31.

Pursuant to §523(a)(6), "any debt – for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. As to the willfulness component, §523(a)(6) requires more than simply a deliberate or intentional act causing injury. See *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of §523(a)(6)." *Id.* at 64. The actor must have either "purposefully inflicted the injury or acted with substantial certainty that injury would result." *Conte v. Gautam* (*In re Conte*), 33 F.3d 303, 305 (3d Cir. 1994).[2] Courts have taken different approaches in analyzing what constitutes willful and malicious injury. *See Wrobel v. Conner* (*In re Conner*), 302 B.R. 509, 514 (Bankr.W.D.Pa.2003). Some courts apply a subjective approach (finding nondischargeability "if the debtor subjectively intended to cause injury or subjectively believed that injury was a substantially certain consequence of his or her deliberate action") while others apply an objective approach (finding nondischargeability "if the debtor subjectively intended to cause injury or there was an objective substantial certainty of injury as a consequence of his or her deliberate action"). *Id.* As to the malice requirement, the act resulting in the injury must be "wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." *See Wymard v. Ali* (*In re Ali*), 321 B.R. 685, 693 (Bankr. W.D. Pa. 2005) (citing 4 Collier on Bankruptcy ¶ 523.12[1] at 523-91).

---

[2] Although the Third Circuit Court of Appeals decision in *Conte* preceded the Supreme Court's decision in *Kawaauhau*, *Conte* remains good law and binding in the Third Circuit. *See Schweitzer v. Kartman* (*In re Kartman*), 391 B.R. 281, 284-285 (Bankr. W.D. Pa. 2008); *Elliott v. Kiesewetter* (*In re Kiesewetter*), 391 B.R. 740, 749 (Bankr. W.D. Pa. 2008).

Upon consideration of the Plaintiff's Motion for Summary Judgment and exhibits, the Debtor's Response and exhibits, the arguments presented at the hearing held on January 8, 2013, and the entire record of this case, the Court finds as follows:[3]

1. In addition to other factual issues, a genuine dispute of material fact exists as to whether the Debtor possessed the requisite fraudulent intent for purposes of establishing the elements of §523(a)(2)(A). The Debtor disputes that she had such intent and the dispute cannot be resolved based upon the record. Assessment of her credibility at trial is necessary. Accordingly, summary judgment is not appropriate under §523(a)(2)(A).

2. Genuine disputes of material facts exists as to whether the injury to Plaintiff is willful and malicious under §523(a)(6). In particular, the knowledge of the Debtor at the time she signed the documents at issue is disputed. Plaintiff alleges that Debtor knowingly signed the agreement and was aware of the fraudulent transaction. To the contrary, Debtor contends that she was either presented with a single set of loan documents which were subsequently altered or, unbeknownst to her, she was presented with two agreements (including the one at issue) rather than a single set of loan documents as represented to her. The Court must resolve this factual dispute. Assessment of Debtor's credibility at trial is necessary. The record does not establish that the Debtor intended to cause injury to Plaintiff or that there was a substantial certainty of injury to Plaintiff under either the objective or subjective approach. Accordingly, summary judgment is not appropriate under §523(a)(6).

---

[3] The Court notes that The Honorable M. Bruce McCullough, to whom this proceeding was previously assigned, entered the Order dated October 15, 2010, denying the Debtor's Motion for Summary Judgment and making certain findings. To the extent that any issues raised by the parties with respect to the instant Motion are contrary to those findings set forth in the October 15, 2010 Order, this Court notes that reconsideration of the Order was not sought by either party.

Therefore, for the foregoing reasons, the Plaintiff's Motion for Summary Judgment must be denied. An appropriate order will be entered.

|  |  |
|---|---|
| DATE: February 1, 2013 |   /s/ Carlota M. Böhm<br>Carlota M. Böhm<br>United States Bankruptcy Judge |

**CASE ADMINISTRATOR TO MAIL TO:**
Office of the United States Trustee
Robert H. Slone, Esq.
David Alexander Darcy, Esq.
Jodi L. Hause, Esq.
J. Allen Roth, Esq.
Lyon Financial Services, Inc.
Rinku M. Dutt